

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-80,635-02

**EX PARTE DANA MARIE CONTRERAS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 37880-D IN THE 320th DISTRICT COURT
## FROM POTTER COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to forty years' imprisonment. The Seventh Court of Appeals initially reversed her conviction on the basis of an erroneously admitted confession. *Contreras v. State*, 998 S.W.2d 656 (Tex. App. — Amarillo 1999). This Court granted the State's petition for discretionary review and reversed the judgment of the court of appeals, remanding to that court for further proceedings. *Contreras v. State*, 67 S.W.3d 181 (Tex. Crim. App. 2001). On remand, the court of appeals

affirmed Applicant's conviction and sentence. *Contreras v. State*, 73 S.W.3d 314 (Tex. App. — Amarillo 2001, pet ref'd).

Applicant contends that her sentence in this case was based in part on false testimony, and argues that she is entitled to a new punishment hearing. The trial court has determined that the State's unknowing use of false testimony to obtain a 40-year sentence denied Applicant due process of law and a fair trial on punishment. The State agrees that the prosecutor would have sought a lower sentence had this information been known at the time of trial. However, we find that the trial court's findings of fact and conclusions of law are not sufficiently supported by the record.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall conduct a live evidentiary hearing on the matter, at which Sueleta Andrews shall be called to testify. Notice of the hearing and an opportunity to testify shall be given to those persons who participated in the trial or the investigation.

It appears that Applicant is currently represented by counsel in this case. However, if this is no longer true, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After the habeas hearing, the trial court shall enter findings of fact as to the credibility of the witnesses. The trial court shall make findings of fact and conclusions of law as to whether Applicant's sentence in this case was based in part on false testimony, and whether she is entitled to a new punishment hearing. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for

habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 4, 2015
Do not publish